UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JOHN EDWARD DAVIS and
GLORIA A. DAVIS,

    Plaintiffs,

v.                                                  Civil Action No. 2:13-32308

3M COMPANY and
A. W. CHESTERTON COMPANY and
AJAX MAGNETHERMIC CORPORATION and
AURORA PUMP COMPANY and
BUFFALO PUMPS, INC. and
CAMERON INTERNATIONAL CORPORATION, formerly known as
Cooper Cameron Corporation, and
CERTAINTEED CORPORATION and
CLEAVER-BROOKS COMPANY, INC. and
COLUMBUS MCKINNON CORPORATION and
CRANE COMPANY and
DRAVO CORPORATION and
FAIRMONT SUPPLY COMPANY and
F.B. WRIGHT COMPANY and
FLOWSERVE CORPORATION, formerly known as
Durametallic Corporation, and
BW IP, INC., other,
Burns International Services, formerly known as
Byron Jackson Pumps, and
FLOWSERVE US, INC., formerly known as
Durco International, Inc., and
FMC CORPORATION and
FOSTER WHEELER ENERGY CORPORATION and
GARLOCK, INC. and
GENERAL ELECTRIC COMPANY and
GEO. V. HAMILTON, INC. and
GOULDS PUMPS, INC. and
HONEYWELL INTERNATIONAL, formerly known as
Allied Signal, formerly known as
Allied Corporation, other
Bendix Corporation, and
HOWDEN-BUFFALO, INC. and
I. U. NORTH AMERICA, INC., other,
Garp Company, formerly known as
The Gage Company, and
IMO INDUSTRIES, INC., formerly known as

1

IMO DeLaval, Inc., formerly known as
DeLaval Turbine, Inc., DeValco Corporation, and
INDUSTRIAL HOLDINGS CORPORATION, formerly known as
Carborundum Company, and
INGERSOLL-RAND COMPANY and
ITT CORPORATION, doing business as
Bell & Gossett Pumps, doing business as
Kennedy Valves, and
J.H. FRANCE REFRACTORIES and
LOCKHEED MARTIN CORPORATION, formerly known as
Martin Marietta Corporation, and
MCJUNKIN CORPORATION, now known as
McJunkin Redman Corporation, and
METROPOLITAN LIFE INSURANCE COMPANY and
NAGLE PUMPS, INC. and
NITRO INDUSTRIAL COVERINGS, INC. and
OHIO VALLEY INSULATING COMPANY, INC. and
OWENS-ILLINOIS, INC. and its predecessor in interest,
other, Owens-Illinois Glass Co., and
PNEUMO ABEX CORPORATION, other,
Abex Corporation, and
PREMIER REFRACTORIES, INC., formerly known as
Adience, Inc., other,
Adience Company, LP, other,
BMI, Inc., and
RAPID AMERICAN CORPORATION, in its own right
and as successor in interest to and liable for,
other, Philip Carey Corporation, and
RILEY POWER INC., formerly known as
Riley Stoker Corporation, and
ROCKWELL AUTOMATION, INC. and
SQUARE D COMPANY and
STERLING FLUID SYSTEMS LLC and
SUNBEAM PRODUCTS, INC., other,
Sunbeam Corporation, and
SURFACE COMBUSTION, INC. and
SWINDELL DRESSLER INTERNATIONAL COMPANY and
TACO, INC. and
TASCO INSULATIONS, INC. and
UB WEST VIRGINIA, INC., formerly known as
Union Boiler Company, and
VIACOM, INC., AS SUCCESSOR BY MERGER TO CBS CORPORATION,
formerly known as Westinghouse Electric Corporation, and
VIKING PUMP, INC. and
VIMASCO CORPORATION,

   Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is the plaintiffs' "unopposed" motion to remand, filed January 3, 2014.

Defendant Consolidated Aluminum Corporation ("Conalco") removed this case from the Circuit Court of Kanawha County to this court on December 16, 2013. The case was originally filed in that court sometime before 2011, alleging that the defendants were variously liable in tort or contract for injuries related to Mr. Davis' asbestos-related lung-cancer. Mot. Remand Ex. A.[1] Conalco removed to this court on the basis of 28 U.S.C. § 1452(a) (2012), asserting that this case was removable because it is "related to" Conalco's voluntary Chapter 11 bankruptcy petition in the Bankruptcy Court for the District of New Jersey, filed December 15, 2013. Not. Rem. ¶¶ 3-7.

The plaintiffs' motion states that they have agreed to voluntarily dismiss Conalco from this case with prejudice. They further state that "[u]pon granting the Voluntary Dismissal Order of Consolidated Aluminum Company in the pending matter,

---

[1] The complaint was not attached to the notice of removal. The plaintiffs did, however, attach a "short form complaint" to their motion to remand. The short form complaint appears to be filed in 2010, but it references a "master complaint" that was filed in 2008. Mot. Remand, Ex. A.

this Court will be divested of subject matter jurisdiction," and therefore "is compelled to remand the case pursuant to 28 U.S.C. § 1447(C)". Mot. Remand 2. On January 6, 2014 Conalco filed a response, stating that it does not object to or oppose the plaintiffs' motion to remand. That same day, the court also received a proposed agreed voluntary dismissal order with respect to the claims against Conalco only. On January 8, 2014, the court ordered that any other parties that oppose the motion respond by January 21, 2014. To date, no other party has responded to the plaintiffs' "unopposed" motion to remand.

As noted, the defendant removed under 28 U.S.C. § 1452(a). That statute allows removal of any claim over which the court would have jurisdiction under 28 U.S.C. § 1334 (2012). Section 1334 gives the district courts "original but not exclusive jurisdiction of all civil proceedings . . . arising in or related to cases under title 11 [(the Bankruptcy Code)]." As noted, in the notice of removal, Conalco asserted that this asbestos litigation was "related to" their voluntary bankruptcy petition under 11 U.S.C. ch. 11.

Once a case is removed to this court, it is generally not "divested" of jurisdiction through post-removal events. See, e.g. Rockwell Int'l Corp. v. United States, 549 U.S. 457, 475 n.6 (2007); Poole v. Ethicon, 2013 WL 616078, at *5 (S.D.W.

4

Va. 2013). However, the court is permitted to remand a "claim or cause of action" removed under 28 U.S.C. § 1452(a) "on any equitable ground." 28 U.S.C. § 1452(b) (2012). "Equitable" in this sense means "that which is reasonable, fair, or appropriate," rather than the distinction between law and equity. Barge v. Western Southern Life Ins. Co., 307 B.R. 541, 548 (S.D.W. Va. 2004) (quoting Allied Signal Recovery Trust v. Allied Signal, Inc., 298 F.3d 263 (3rd. Cir. 2002)).[2]

A number of considerations have been recognized by the courts in determining whether remand is appropriate:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court.

Barge, 307 B.R. at 548 (citing In re Riverside Nursing Home, 14 B.R. 951, 956 (S.D.N.Y. 1992)). See also Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co., 130 B.R. 405, 407 (S.D.N.Y.

---

[2] In addition, the court may abstain from "hearing a particular proceeding . . . arising in or related to a case under title 11 [(the Bankruptcy Code)]." 28 U.S.C. § 1334(c)(1) (2012). This is known as "permissive abstention." See Barge, 307 B.R. at 547. Although separate inquiries, the factors for this analysis are similar to the factors in a remand analysis. Barge, 307 B.R. at 548 (citing In re Merry-Go-Round Enters., Inc., 222 B.R. 254, 256 (D. Md. 1998)). Accordingly, the court will not duplicate efforts by analyzing both, but nevertheless concludes that permissive abstention is also appropriate.

1991). Each of these factors supports remand here. As the plaintiffs have agreed to dismiss Conalco from the action, there will be little or no effect on administration of Conalco's bankruptcy estate, nor will resolution of this case be relevant to Conalco's bankruptcy. The matter is one entirely of complex state law with respect to asbestos issues, and has been pending for at least three years in state court. There is no indication that a right to jury trial will be curtailed by remanding. The other removed defendants (54 in all) will undoubtedly be markedly prejudiced by having to begin this case over again in federal court after it has been pending for a considerable time.

The court finds that ample grounds for equitable remand exist. Accordingly, it is ORDERED that:

  (1) Plaintiffs' motion for remand, filed January 3, 2014, be, and it hereby is, granted;[3]

  (2) parties shall bear their own costs and expenses in connection with the motion to remand, the notice of removal, and the proceedings in this court.

---

[3] The court notes that Conalco has been dismissed from this action pursuant to the separate agreed voluntary dismissal order.

6

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

DATED: January 28, 2014

John T. Copenhaver, Jr.
United States District Judge